IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, *et al.*,       ) | |
| ) | |
| ) | |
| Plaintiffs,       ) | |
| ) | |
| v.       ) | CIVIL ACTION NO. 5:22-cv-138 (MTT) |
| ) | |
| GEOFF DUNCAN, et al.,       ) | |
| ) | |
| Defendants.       ) | |
| ) | |

**ORDER**

Plaintiff Manetirony Clervrain moved the Court for leave to proceed *in forma pauperis* ("IFP") in this action. Doc. 2. As discussed below, Clervrain's motion is **GRANTED**. Pursuant to granting Clervrain's IFP status, the Court must also screen Clervrain's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e). The Court finds the complaint insufficiently pled to conduct a thorough frivolity screening. Accordingly, Clervrain is **ORDERED** to recast his complaint.

**I. Leave to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

In this case, Clervrain's financial affidavit reveals that his household income is approximately $27,840 per month for a household of five. Doc. 2 at 18-21. This income is below the federal poverty guideline for a household of five, which is $31,040. Accordingly, having read and considered Clervrain's financial affidavit, the Court finds that Clervrain is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP is **GRANTED**.

**II. Order to Recast**

Clervrain's complaint failed to follow the instructions of the complaint form and is generally difficult to discern. Doc. 1. Clervrain appears to allege a banking conspiracy and issues concerning Haitian citizens, among other things. Notably, the claims appear to extend across other filings in this case, including Clervrain's motion to proceed IFP. Doc. 2. The allegations are thin, and the Court is unable to conduct a thorough frivolity review upon the complaint as written. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court

is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether the complaint's deficiency is because of the manner in which the allegations have been pled or whether they simply lack substance.

It is not incumbent upon the Court to effectively re-write Clervrain's complaint so that it complies with the Federal Rules of Civil Procedure. While courts show leniency to pro se litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Schwarz v. Georgia Composite Med. Bd.*, No. 21-10288, 2021 WL 4519893, at *2 (11th Cir. Oct. 4, 2021). Clervrain will instead be given an opportunity to address the deficiencies identified above. See *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). If Clervrain wishes to pursue his claims, then he is **ORDERED** to recast his complaint. **Clervrain's recast complaint will take the place of and supersede the initial complaint in this case.** All claims Clervrain wishes to raise should be clearly stated in his recast complaint. The complaint should be marked with the case number of the above-captioned action and state only related claims; unrelated claims should be raised and filed in separate complaints.

Clervrain's recast complaint should clearly state (1) who Clervrain seeks to sue; (2) what each Defendant did (or did not do) to violate his constitutional rights; (3) when and where each action occurred; and (4) how Clervrain was injured as a result of each

Defendant's actions. If, in his recast complaint, Clervrain fails to clearly link a Defendant to a claim, the claim will be dismissed; if he makes no allegations against a Defendant, that Defendant will be dismissed. Clervrain must also state why this Court has jurisdiction over his claims. Clervrain is encouraged to use concise, clear language and to focus on the facts of his allegations. Clervrain shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his recast complaint.

    **SO ORDERED**, this 5th day of April, 2022.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT